IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-00276-02-CR-W-GAF |
| | ) | |
| LAMELL JONES, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Comes now the Court herein and for the reasons stated, denies defendant's Motion for Judgment of Acquittal or in the Alternative for New Trial. "A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements charged." *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004). "The evidence need not exclude every reasonable hypothesis except guilt; the essential elements of the crime may be proven by circumstantial as well as direct evidence." *Id*. The *Baker* court observed: "In ruling upon a motion for judgment of acquittal, the district court is not to weigh the evidence or assess the credibility of witnesses." *Id*.[1]

Jones challenges only his conviction for Counts Two (conspiracy to possess crack cocaine with intent to distribute), Three (possession of crack cocaine), and Four (possession of crack cocaine with

---

[1] Upon review of the record and applicable law herein, the government's position is found to be controlling. Parts of the government's brief are adopted without quotation noted.

intent to distribute) of the Indictment against him. Defendant does not challenge his conviction under Count One.

Defendant asserts that the Government offered no evidence of any relationship - or even acquaintance between him and co-defendant Thomas Johnson. Defendant asserts that the government "offered no evidence of any connection between Johnson, Jones and Jill Jones' car, other than the few seconds of contact observed by Miles and Ritchie." Defendant also argues that "the government offered no other evidence linking Lamell Jones to crack cocaine in any way, other than the prior convictions admitted over defense objection pursuant to Fed. R. Evid. 404(b) and the evidence relating to count 1."

Defense witnesses (defendant himself and Ms. Spencer) provided a link between Jones and co-defendant Johnson. Spencer said it was Jones who introduced her to Johnson sometime prior to the December 7, 2003 incident in question giving rise to the charges in this case. Jones testified he knew Johnson, while downplaying their relationship conflicting with the testimony of Ms. Spencer. Jones also placed Johnson in the back seat of the car on December 7th, 2003, establishing their connection at the time of the crimes charged.

Defendant's next argument about any connection to the car in question is equally misplaced. Defendant himself testified that it was, in fact, his sister's car and that he'd recently loaned the car to his girlfriend to use. He testified that neither his sister nor his girlfriend were drug dealers. Jones placed himself in the front seat of the car, corroborating the police officer's testimony about where Jones was seated. Jones also corroborated the officer's testimony about the "car accident" which caused the

2

police to investigate. Jones testified that he heard a "thump" as he sat in the car, consistent with the officers' testimony of having heard a "crash" causing them to investigate.

Defendant further argues there was insufficient evidence tying him to crack cocaine and that the government presented no evidence of a conspiracy to possess with intent to distribute crack cocaine in this case.

The evidence at trial established that on December 7, 2003, defendant was found with another drug dealer, co-defendant Johnson, at 1:30 a.m. Each carried drugs packaged for resale. Each ran from police during a routine investigation. The evidence included Officer Miles' testimony that he observed the defendant throw down a package containing crack cocaine, individually wrapped in numerous pieces for sale, as he ran. Defendant had on his person several thousand dollars, mostly in ten and twenty dollar denominations, consistent with drug sales. He told the jury that one time all that cash was from a tax refund. He told the jury that the other time the money was from the sale of a car. Additionally, there was 57 grams of crack cocaine recovered from under the front seat of the car defendant admitted to occupying. Obviously, the jury chose not to believe defendant's testimony or arguments. There was more than sufficient evidence for the jury to convict defendant of the charges against him.

WHEREFORE, for the reasons stated herein, Defendant's Motion for Judgment of Acquittal or in the Alternative for New Trial is denied.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: September 2, 2005